IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RYAN OSWALD,

        Plaintiff,

   v.

IDENTIV, INC., et al.,

        Defendants.

Case No. 16-cv-00241-CRB

**ORDER DENYING MOTION TO SEAL**

Defendants ask this Court to seal in full the Court's Order Denying Defendant's Motion to Dismiss the Second Amended Complaint (dkt. 56), arguing that the Order contains information that is "confidential to Identiv, including but not limited to materials relating to an internal investigation conducted by a Special Committee of the Board of Directors, minutes of meetings held by its Board of Directors, and other non-public business practices and information." See Admin. Mot. (dkt. 57) at 1. Defendants also note that some of the information comes from previously sealed documents. Id. at 2.

It makes no difference that the information referenced in the Order is "non-public," or even that Plaintiff once agreed that such information was "confidential." See id. at 1 (referring to the parties' confidentiality agreement). Many things are not public until they appear in a court filing. The misconduct alleged in the Ruggiero Complaint, for example, was not public until Ms. Ruggiero brought suit—but that is no reason to prevent the document's filing. And whatever Plaintiff's motivation for entering into a confidentiality agreement with Defendants, Plaintiff was not acting on the Court's behalf or with the

Court's broader purpose.

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978). There is a strong presumption in favor of public access to such records. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). "A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." Kamakana v. City & Cnty of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Although Defendants' motion argues that "good cause exists to seal the Court's Order," Admin. Mot. at 2, the standard that applies to documents filed in connection with dispositive motions is the "compelling reasons" standard, not the lesser "good cause" standard that applies to discovery materials, see Kamakana, 447 F.3d at 1179; see also Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016) (extending standard to motions "more than tangentially related to the merits of a case"). The compelling reasons standard applies "even if the [materials being filed] were previously filed under seal or protective order." Id. Relevant factors in determining whether there are compelling reasons to seal "include public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990).

Sealing the Court's Order would defeat entirely the public's interest in understanding the judicial process here. The information that Defendants point to was central to the Court's reasoning in allowing the case to go forward. A glance at the version of the Order that Defendants attached to the Administrative Motion illustrates this point. Defendants redacted the portions of the Order that they seem to believe contain the confidential or non-public information. See Admin. Mot. Ex. 3 (dkt. 57-3) at 4–8. While Defendants left largely unscathed the Court's discussion of Plaintiff's failed arguments for demand futility, they redacted to an almost comical degree nearly all of the Court's discussion of Plaintiff's successful argument for demand futility—that the Board acted in

2

1  bad faith in ending the Special Committee's investigation. See id. at 21–24. Mercifully,
2  Defendants left unredacted the sentence that follows the nearly four full pages of
3  redactions: "This amounts to a 'conscious disregard for [their] responsibilities,' which is
4  bad faith. See In re Walt Disney, 906 A.2d at 66." Id. at 24. But if the public is interested
5  in understanding the Court's reasoning without the benefit of the redacted pages, it is out
6  of luck. See Center for Auto Safety, 809 F.3d at 1101 ("'People in an open society do not
7  demand infallibility from their institutions . . . but it is difficult for them to accept what
8  they are prohibited from observing.'") (citing Richmond Newspapers, Inc. v. Virginia, 448
9  U.S. 555, 572 (1980)).

Nor does the information Defendants are concerned about present a viable risk of the "improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." See EEOC, 900 F.2d at 170. There are no trade secrets discussed, no individual's private information disclosed, no "exceptionally sensitive information that truly deserves protection. See O'Connor v. Uber Techs., Inc., No. C-13-3826 EMC, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179.

Accordingly, the Administrative Motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 2, 2017

CHARLES R. BREYER
United States District Judge