IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN OSWALD,<br><br>    Plaintiff,<br><br>    v.<br><br>IDENTIV, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-00241-CRB<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR ENTRY OF FINAL JUDGMENT, DISMISSING CLAIMS AGAINST DEFENDANTS WENZEL AND ALAZEM** |

Defendants James Ousley, Steven Humphreys, and Gary Kremen[1] (collectively with Defendants Jason Hart and Brian Nelson, the "Appearing Defendants"), move the Court to enter judgment in favor of all appearing and non-appearing defendants in this action pursuant to Federal Rules of Civil Procedure 54 and 58. See Mot. (dkt. 115). Defendants assert that "Plaintiffs . . . take no position on Defendant's administrative motion." Id. at 2; McGrath Decl. (dkt. 115-1) ¶ 7. And indeed, Plaintiffs Ryan Oswald and Bhanu Chopra have not filed any response whatsoever to Defendants' motion.

As to the Appearing Defendants, it is clear that final judgment is appropriate. On April 13, 2018, the Court dismissed the claims against the Appearing Defendants. See Order Granting Motions to Dismiss (dkt. 89). On July 16, 2918, the Court denied Plaintiffs leave to amend. See Order Granting Motion to Intervene, Denying Motion to Amend (dkt. 114). In denying leave to amend, the Court concluded that amendment would be futile. Id. at 10. There is nothing remaining of the claims against the Appearing

---

[1] Defendant Brian Nelson has joined in the motion. See Notice of Joinder (dkt. 116).

1 Defendants and "no just reason to delay" the entry of judgment on their behalf. See Fed.
2 R. Civ. P. 54(b).
3       As an alternative to entering final judgment only as to the Appearing Defendants,
4 however, Appearing Defendants propose that the Court (1) dismiss, on its own motion, the
5 claims against Daniel Wenzel and Saad Alazem (the "Non-Appearing Defendants"), and
6 then (2) enter judgment on behalf of all of the defendants at once. See Mot. at 3. A court
7 can dismiss with prejudice claims against a party that has not appeared "on the basis of
8 facts presented by other defendants [that did] appear[]." See Abagninin v. AMVAC
9 Chem. Corp., 545 F.3d 733, 742–43 (9th Cir. 2008) (citing Columbia Steel Fabricators,
10 Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995); Silverton v. Dep't of
11 Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981)). The Court is aware that there is a dispute
12 about whether Plaintiffs ever served Wenzel and Alazem. See Mot. at 1 n.1. But the rule
13 holds true even for defendants who have not been served. See Abagninin, 545 F.3d at 743
14 ("The non-served defendants in this case are in a position similar to [appearing
15 defendant]."); Hernandez v. Banta, No. C 12-3162 YGR (PR), 2013 WL 5883379, at *5
16 (N.D. Cal. Oct. 30, 2013) ("even though [unserved defendants] have not been joined in this
17 action, the claims against them are subject to dismissal. Specifically, the allegations
18 against [the unserved defendants] are the same as those against the other served
19 [d]efendants to this action, and there is no suggestion . . . that the analysis of the claims
20 against [the unserved defendants] differs from the analysis of the claims against the other
21 served [d]efendants.").
22       It is apparent from a careful review of the Second Amended Complaint that the
23 claims against Wenzel and Alazem fail for the same reasons that the claims against the
24 Appearing Defendants failed. See SAC (dkt. 38-3), Order Granting Motions to Dismiss;
25 Demand Futility Order (dkt. 56). Wenzel and Alazem are not differently situated from the
26 Appearing Defendants. Wenzel was on the Special Committee accused of
27 "recommend[ing] prematurely concluding the investigation," but so was Ousley. See SAC
28 ¶ 103. Alazem and Wenzel were on the Compensation Committee that allegedly granted a

one million dollar stock award to Nelson in exchange for his loan to Hart, id. ¶ 104, but that claim did not survive the Demand Futility Order. See Order on Motions to Dismiss ("[w]hat remains is the breach of fiduciary duty claim based on the termination of the Special Committee investigation"). Moreover, the Court found that claim implausible. Id. at 7. Alazem was on the Audit Committee, but his alleged misconduct was no different from that of Ousley and Kremen. See SAC ¶ 105 ("Defendants Ousley, Kremen, and Alazem breached their fiduciary duties by failing to discharge their responsibilities as members of the Audit Committee."). Likewise, though the SAC alleges that Alazem and Wenzel both "approved the premature conclusion of the Audit Committee's sham investigation," id. ¶ 106, they allegedly did so in conjunction with Humphreys, Ousley, and Kremen, see id. ("these five defendants knew that the Special Committee investigation was not complete"); id. ¶ 107 ("the foregoing was the product of a conscious decision made by these five defendants."); see also id. ¶ 108 (referring to "Identiv's entire Board."). Accordingly, the Court DISMISSES the claims against Wenzel and Alazem with prejudice. See Order Granting Motions to Dismiss; Demand Futility Order. Having done so, the Court concludes that final judgment is appropriate as to the Non-Appearing Defendants as well. The Court will separately enter judgment for all Defendants.

**IT IS SO ORDERED.**

Dated: October 1, 2018

CHARLES R. BREYER
United States District Judge